IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY QUINTON. KELLY, #352736<br>Petitioner, | * | |
| v. | * | CIVIL ACTION NO. RDB-14-717 |
| BOBBY SHEARIN, *et al.*<br>Respondents. | * | |
| | ***** | |

**MEMORANDUM**

I.      Procedural History

On March 6, 2014, the court received the above-captioned case, representing Anthony Kelly's ("Kelly") attempt to re-file a 28 U.S.C. § 2254 attack on his three 2008 convictions in the Circuit Court for Montgomery County. As it was not readily clear to the undersigned whether Kelly had fully exhausted his state court remedies as to each case, Respondents were directed to file a limited answer focusing on Kelly's exhaustion of his state court remedies as to each conviction and whether exhaustion would be futile. On June 24, 2014, a Response was filed. Respondents assert that Kelly has not exhausted his available state court remedies. ECF No. 14. Kelly has filed a Traverse (ECF No. 15), along with a number of letters with the Court,[1] two "Emergency" Motions for Release on Personal Recognizance and an Emergency Motion for Transfer to a Halfway House filed both before and after Respondents' Answer. ECF Nos. 11-13 & 16-21.

---

[1] The letters requested an updated status of the case, an application for 28 U.S.C. § 2243 relief, a request for a copy of the docket sheet, a request for an emergency hearing on his motion for release on personal recognizance, and a request for partial judgment under Fed. R. Civ. P. 54(b). ECF Nos. 11-12 & 18-21. The Court does not maintain pre-prepared forms under § 2243. Kelly shall, however, be provided a

II.     Standard of Review

Before a petitioner seeks federal habeas corpus relief, he must exhaust each claim presented to the federal court by first pursuing remedies available in the state court. *See Leonard v. Hammond*, 806 F.2d 838, 840 (4th Cir. 1986). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U. S. 838, 842 (1999); 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994). The exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 2001), *cf. Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988). This exhaustion requirement is not a jurisdictional prerequisite to federal habeas corpus relief but rather a matter of comity. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

The United States Supreme Court has interpreted § 2254(c) to require a state prisoner to present his claims to the state's highest court, even if review is discretionary, when such review is

---

copy of the docket sheet.

part of the ordinary appellate review procedure. *See O'Sullivan v. Boerckel*, 526 U.S. at 845. This generally requires appealing state court decisions all the way to the state's highest court. *Id.* at 847. Exhaustion is not required if at the time a federal habeas corpus petition is filed petitioner has no available state remedy. *See Teague v. Lane,* 489 U.S. 288, 297-98 (1989); *Bassett v. Thompson,* 915 F.2d 932, 937 (4th Cir. 1990).

III. Analysis

In October of 2002, Kelly was charged in the Circuit Court for Montgomery County with first-degree rape, first-degree assault, and use of a handgun in the commission of a felony or crime of violence in *State v. Kelly*, Case No. 96433. ECF No. 14 at Exs. 1 & 2. In May of 2003, he was charged with first-degree rape and armed robbery in *State v. Kelly*, Case No. 97760. *Id.* at Ex. 3. Also in May of 2003, he was charged with two counts of first-degree murder, burglary, armed robbery, theft, and use of a handgun in *State v. Kelly*, Case No. 97749. *Id.* at Ex. 4. At the conclusion of pre-trial hearings, on June 3, 2004, Kelly was declared incompetent to stand trial in all three cases. *Id.* at Exs. 1-4. Approximately three years and eight months later, after conducting competency proceedings, on February 5, 2008, the Circuit Court determined that Kelly was competent and all three cases proceeded to trial. *Id.*

On June 11, 2008, a jury found Kelly guilty by a jury of first-degree rape, first-degree assault, and use of a handgun in the commission of a felony or crime of violence in *State v. Kelly*, Case No. 96433. *Id.* at Exs. 1-2. On July 2, 2008, a jury found him guilty of first-degree rape in *State v. Kelly*, Case No. 97760. *Id.* at Ex. 3. On August 4, 2008, a jury found Kelly guilty of two counts of first-degree murder, burglary, armed robbery, theft, and two counts of use of a handgun in

the commission of a felony or crime of violence in *State v. Kelly*, Case No. 97749. *Id*. at Ex. 4. On September 8, 2008, Kelly was sentenced by Circuit Court Judge Durke Thompson in all three cases to four consecutive life sentences (two of which were imposed consecutively and without parole), plus additional twenty- and eighty-year consecutive terms. *Id*. at Exs. 1-4.

Kelly noted a self-represented appeal from all three judgments of conviction to the Court of Special Appeals of Maryland. On July 10, 2009, the appeals were dismissed on grounds of non-compliance with the rules of appellate procedure. ECF No. 14 at Exs. 1-4. Kelly's request for further review of the dismissal of his appeals was denied by the Court of Appeals of Maryland on July 21, 2009. *Id*. His reconsideration request was denied by the Court of Special Appeals on August 31, 2009. *Id*.

On March 18, 2010, after the dismissal without prejudice of his first 28 U.S.C. § 2254 Petition in *Kelly v. Shearin, et al.*, Civil Action No. AW-09-2241 (D. Md.), Kelly filed a petition for post-conviction relief in *State v. Kelly*, Case No. 96433, which was ordered withdrawn by Circuit Court Judge John W. Debelius, III on Kelly's motion on April 14, 2010. *Id*. at Ex. 2, pp. 113-114. Respondents state that although Kelly has filed other pleadings in that case, he has not re-filed or otherwise pursued state post-conviction relief.[2] *Id*., pp.114-26.

On September 13, 2010, Kelly filed a "writ of actual innocence" in *State v. Kelly*, Case No. 97760. Kelly subsequently filed two line requests seeking dismissal of that writ. *Id*. at Ex. 3, pp. 83-84. He has not filed post-conviction proceedings in that case.

---

[2] Kelly filed emergency motions for recognizance or bail, a motion to disqualify Judge Debelius, an emergency motion for reconsideration of sentence, a motion for a panel attorney, and an

Finally, on September 13, 2010, Kelly filed an emergency petition for post-conviction relief in *State v. Kelly*, Case No. 97749.  *Id*. at Ex. 4.   The petition was withdrawn at Kelly's request on December 16, 2010. *Id*., pp. 110-111.  No post-conviction proceedings are pending in that case.

Respondents argue that Kelly still has not fully pursued state post-conviction relief in any of the three judgments that are the subject of his current petitions.  They maintain that Kelly has yet to exhaust his state remedies and as such remedies remain available to him and the state does not waive exhaustion requirements, Kelly's Petitions should be dismissed for non-exhaustion.

In his Reply or "Traverse", Kelly seemingly raises substantive arguments with regard to the legality of his state convictions, arguing that there was no probable cause to issue an arrest warrant, state court instructions were unconstitutional,  he was denied a fair trial, his conviction was based on false evidence, and he was actually innocent of the charged crimes.  ECF No. 15 at pp. 2-3.  Kelly acknowledges that the claims are unexhausted but asserts that exhaustion would be futile, the exhaustion requirement is not jurisdictional; he was not advised of a "stay and abeyance" procedure, and "state law denials on procedural grounds, are considered 'state procedural default,' which can only be 'cured' in federal court by establishing that the state's default rule was already established and regularly followed at the time of petitioner's default."  *Id*. at pp. 7-8, 16-17 & 25-26.

The record presented to the court clearly shows that Kelly has not exhausted his remedies as required under § 2254(c).   Therefore, the court shall address his arguments that there are circumstances excusing exhaustion.

---

application for issuance of a writ of habeas corpus in *State v. Kelly*, Case No. 96433.

A petitioner need not first present his habeas claims to the state court if the exhaustion requirement has been waived by the state, state court remedies are ineffective to protect petitioner's right, or there are no available state remedies at the time of filing his § 2254 petition. *See* 28 U.S.C. § 2254(b).

Respondents submit that the exhaustion requirement should not be excused in Kelly's cases because they do not waive exhaustion requirements, there was and is not any impediment to Kelly pursuing post-conviction relief, and remedies remain available to Kelly.

There is no dispute that while Kelly sought direct appeal in all three criminal prosecutions in the Court of Special Appeals, the appellate court never reviewed the claims due to Kelly's failure to comply with Maryland Rules (failure to provide transcript). Although this court previously instructed Kelly of the need to exhaust his remedies and grounds by way of state post-conviction review,³ he only sought post-conviction relief in two of his three criminal cases and promptly withdrew the post-conviction petitions within months of their filing. Therefore, none of his claims have been fully addressed on direct or collateral state court review.

The grounds set out in the Petition are not a model of clarity, indeed Kelly seemingly fails to set out any precise grounds attacking his three convictions. It is only when presenting his Traverse, is the Court able to glean any legal arguments. When affording the self-represented case a generous interpretation, the following grounds are arguably raised: (1) the arrest warrant and arrest occurred

---

³ *See Kelly v. Shearin, et al.*, AW-09-2241 (D. Md.); *Kelly v. Shearin*, Civil Action No. AW-10-262, *et seq.* (D. Md.); and *Kelly v. Shearin*, Civil Action No. AW-11-3086, *et seq.* (D. Md.). These 28 U.S.C. § 2254 Petitions for habeas corpus relief were dismissed without prejudice for the failure to exhaust. Kelly's appeals of those decisions were dismissed.

without probable cause; (2) the state court instructions were unconstitutional; (3) he was denied a fair trial; (4) his convictions were based on false evidence, and (5) he was actually innocent of the charged crimes. Remedies on state collateral review remain available to Kelly. *See* Md. Code Ann., Crim. Proc. Art., §§ 7-101, *et seq*. The post-conviction process may allow him to present these claims and to have them addressed on the merits. The Court sees no basis for waiver of exhaustion requirements. Consequently, the Petition is not subject to substantive review in federal court at this time. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

Kelly must satisfy the provisions of 28 U.S.C. § 2253(c) before a Certificate of Appealability may issue. Section 2253 provides that a Certificate of Appealability may issue only if the applicant has made a "substantial showing" of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Kelly is not required to show that he would prevail on the merits. *See Slack v.. McDaniel,* 529 U.S. 473, 483-84 (2000). When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. at 484). Because Kelly has not made a substantial showing of the denial of his constitutional rights, this Court declines to issue a Certificate of Appealability.

III.    Conclusion

For the aforementioned reasons, the court shall dismiss the Petition without prejudice for the failure to exhaust state court remedies.[4] A separate Order shall be entered reflecting this decision.[5]

Date: <u>September 4, 2014</u>             _____/s/_____
                                                          RICHARD D. BENNETT
                                                          UNITED STATES DISTRICT JUDGE

---

[4] In light of this decision, Kelly's Emergency Motions for Release on Personal Recognizance and Motion to Transfer Petitioner to a Halfway House (ECF Nos. 13, 16 & 17) shall be denied.

[5] Should Kelly choose to re-file a habeas corpus petition after exhausting his state court remedies, he must file a separate petition for each of his convictions